LARKIN D. SNOW, Appellant from Decree of Probate Court.

Cumberland.    Opinion September 18, 1902.

*Probate. Sales. License to Sell Real Estate. Defective Petition. R. S., c. 71, § 1, cl. 1–3; c. 71, § 12.*

In order to justify a decree licensing an executor or administrator to sell real estate of the deceased, it must be averred and proved that such sale is necessary to pay debts, legacies or expenses of sale and administration; or that a sale of some portion of the real estate is necessary for these purposes, and that, by a partial sale, the residue would be greatly depreciated.

The decree is not evidence of these facts. The party seeking the decree, or to have the decree affirmed, must prove them.

To authorize the appellate court to affirm the decree, enough of these facts must be proved or admitted in the supreme court of probate to make out a case for the original petitioner.

Such petition which contains no allegation that the sale of the real estate is necessary to pay debts is not sufficient.

To authorize a sale of all the real estate of the deceased, where the debts amount to less than the value of the whole, it must appear by the petition and proof that the residue would be greatly depreciated by a sale of any portion. *Held;* no such allegation is found in this petition, nor is such proof supplied by the agreed statement of facts.

A license to accept an advantageous offer can only be granted where the court may grant license to sell at public auction as provided in R. S., c. 71, § 1.

See *Snow* v. *Russell*, 93 Maine, 362.

Exceptions by appellee. Overruled.

Petition of Isaac L. Elder, administrator de bonis non with the will annexed of Submit C. Russell, praying that a new license may be granted him to sell at private sale, in accordance with an offer, the real estate described in the original petition of John H. Russell, which latter petition was dated April 13th, 1898.

This court had already held in *Snow* v. *Russell,* reported in 93 Maine, 362, that the original decree granting license to John H. Russell, executor, was void, inasmuch as it dispensed with the bond required by the statute; that the license issued thereupon was also void, as was the deed of the real estate attempted to be made by the executor.

The case is stated in the opinion.

*W. R. Anthoine and T. L. Talbot,* for appellant.

*M. P. Frank and P. J. Larrabee,* for appellee.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, POWERS, JJ.

STROUT, J. Submit C. Russell deceased possessed of a parcel of real estate and a small amount of personalty. John H. Russell was executor of her will. George F. Russell had a claim against her estate, upon which he obtained judgment for thirteen hundred and fifty dollars and fifty cents at the November term of the superior court, 1897. Upon a proper petition to the probate court presented on March 5, 1898, after notice and hearing, on April 13, 1898, that court granted a license to John H. Russell, as executor, to sell said

real estate at public or private sale. Afterward, on May 3, 1898, John H. Russell sold the real estate to George F. Russell, for twenty-two hundred dollars and delivered to him a deed of the same. He accepted as payment a discharge of George F. Russell's execution issued upon his judgment, and three hundred dollars in cash, and his promise to pay the balance of five hundred and forty-nine dollars and fifty cents. The license was issued without bond given by John H. Russell. The sale therefore was void, and George F. Russell acquired no title under his deed. *Snow* v. *Russell*, 93 Maine, 362, 74 Am. St. Rep. 350.

John H. Russell having deceased, Isaac L. Elder was appointed administrator de bonis non, with the will annexed, of Submit C. Russell on February 7, 1900. Elder filed a petition in the probate court stating these facts, and also stating that George F. Russell offered to pay for the same parcel of real estate "the sum of five hundred and forty-nine dollars and fifty cents in addition to the sum of sixteen hundred and fifty dollars and fifty cents which he had already paid to the said John H. Russell, executor aforesaid, making in all the sum of two thousand two hundred dollars for said real estate, which is an advantageous offer therefor, and that the interest of all concerned will be promoted by an acceptance of said offer." He prayed for license to sell the real estate at private sale in accordance with said offer. After notice and hearing, on May 18, 1900, the probate court decreed "that said petitioner have license as prayed for, to sell and convey said real estate described in said petition at private sale, in accordance with said offer, for the purpose therein named," upon giving bond.

From this decree Snow appealed to the supreme court of probate. Upon hearing in that court upon the appeal and agreed statement of facts, the decree of the probate court was reversed, and the petition for license to sell upon an advantageous offer dismissed. The case comes here upon exceptions to this ruling.

The third and seventh reasons of appeal are as follows:

"Third: Because no list of claims has been filed by the administrator with his petition, nor does said petition set forth that any legal debts are due from the estate, nor is any evidence of such debts

produced to this court, consequently this court has no jurisdiction to issue a license to sell real estate."

"Seventh: Because the petition of said administrator does not present a case under any of the clauses of section 1 of chapter 71 of the revised statutes, which prescribe the issuing of licenses for sale of real estate. It alleges an agreement between George F. Russell and John H. Russell, executor, regarding the sale of the real estate of the testatrix; payment by George F. Russell in pursuance of that agreement of $1650, and readiness to pay $550 more; the failure of the deed of John H. Russell, executor, to convey to George F. Russell the legal title to the estate. The petition asks that license issue to enable the administrator to convey the real estate in execution of the agreement between George F. and John H. Russell."

Under the third reason of appeal the question is fairly presented whether there is sufficient allegation and proof of such debts produced to this court as give it jurisdiction to sell this real estate. It is true that this reason of appeal is unnecessarily broad, that it denies all allegation and evidence of indebtedness. But it may fairly be said that the greater denial includes the less; that the fact that the appellant denies all allegation, and all proof of indebtedness, does not relieve the appellee from the burden of showing sufficient allegation and proof of indebtedness to give the court jurisdiction to make the decree appealed from.

Under the seventh reason of appeal the appellee must unquestionably show that the petition does present a case under some one of the clauses of R. S., c. 71, § 1.

In order to justify a decree licensing an executor or administrator to sell real estate of the deceased, it must be averred and proved that such sale is necessary to pay debts, legacies or expenses of sale and administration; or that a sale of some portion of the real estate is necessary for these purposes, and that, by a partial sale, the residue would be greatly depreciated. Revised Statutes, c. 71, § 1, items 1 and 3. *Gross* v. *Howard*, 52 Maine, 195. The decree is not evidence of these facts. The party seeking the decree, or to have the decree affirmed, must prove them. *Gross* v. *Howard*, supra. In this case we can only look to the petition for the necessary averments, and to

the agreed statement of facts for the proof. The reference by the administrator in the petition to a prior petition filed by a former administrator cannot supplement the statements in his own petition, as there is no averment in the latter that the statements in the former are true.

Turning now to the petition and the agreed statement of facts, and putting upon them the construction most favorable to the appellee, we find an allegation and proof of the existence of a debt, of $1650.50. We find neither allegation or proof of the existence of any other debt, of any legacy, or of any expenses of sale and administration. If it be conceded that a sale would necessarily involve expense, still, it would be trifling. We find neither allegation nor proof that the sale of this real estate is "necessary to pay debts." This is one of the facts referred to by BARROWS, J., in *Gross v. Howard*, above, when he says,— "To authorize the appellate court to affirm the decree, enough of these facts must be proved or admitted in the supreme court of probate to make out a case for the original petitioner." For aught that appears, either in the petition or proof, there may be ample personal property to pay this debt, and which it is the duty of the administrator to apply to that purpose before resorting to the real estate. More than this, even if there is no personal property, it affirmatively appears both by allegation and proof that it is not necessary to sell the whole of this real estate to pay this debt, the only debt named or proved. The debt is only $1650.50. The real estate is of the value of $2200. That is the price which the agreed statement shows the purchaser was to pay for it, and the price which the administrator asks leave to sell it for. But it cannot be necessary to sell real estate at $2200 to pay $1650.50. The statute expressly provides that, in order to authorize a sale of the whole under these circumstances, it must "appear by the petition and proof," that the residue would be greatly depreciated by a sale of any portion. Revised Statutes, c. 71, § 1, item 3. We search this petition in vain for any such allegation, as we do the agreed statement for any such proof.

Courts of probate have no authority to grant licenses to sell real estate to accept advantageous offers as such. They can do so in

cases where they may grant license to sell at public auction (R. S., c. 71, § 12) and those cases are alone those enumerated in section 1 of that chapter. The objections made by the appellant, under the third and seventh reasons of appeal, antedate all questions of advantageous offers, and until the facts required by section 1 are alleged and proved, there is no advantageous offer for the court to consider.

For these reasons the appeal was properly sustained, and the decree of the probate court reversed by the supreme court of probate.

*Exceptions overruled: Decree of the probate court reversed, and petition for license dismissed.*